IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00034-WDM-MEH

LORA J. KRISTA,

Plaintiff,
v.

MICHEL A. LAFORTUNE,

Defendant.

## ORDER OF RECOMMENDATION

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion for Dismissal (Docket #2). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion to Dismiss.

**I.     Facts**

Plaintiff's Complaint is comprised of only four short paragraphs. Plaintiff alleges that "[f]rom approximately July 2001 until present, Defendant converted to his own use cash and property of the Plaintiff." Plaintiff asserts this Court's jurisdiction based on both diversity jurisdiction and federal question jurisdiction under the Fourteenth Amendment to the United States Constitution. Plaintiff seeks damages of $125,000.

Defendant is a citizen of Canada and resident alien of Colorado. Defendant contends that Plaintiff is also a resident of Colorado because the address on her Complaint is in Colorado. Defendant, therefore, argues that this Court cannot exercise diversity jurisdiction. Further,

Defendant claims that federal question jurisdiction is also improper. Defendant points out that Plaintiff asserts jurisdiction under the Fourteenth Amendment, while alleging no state action. For these reasons, Defendant asserts that Plaintiff's Complaint should be dismissed. Plaintiff has not responded to Defendant's Motion, although it was filed over six weeks ago.

**II.     Legal Standard for Motion to Dismiss**

A Motion to Dismiss brought under Fed. R. Civ. P. 12(b) should be granted only if Plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Because Plaintiff is *pro se*, the Court construes her pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted." *Id.*

**III.    Discussion**

    **A.     Diversity Jurisdiction**

Plaintiff invokes this Court's diversity jurisdiction for her claim of conversion against Defendant under state law. A federal court exercises diversity jurisdiction over state law claims pursuant to 28 U.S.C. § 1332 only if (a) the amount in controversy exceeds $75,000, and (b) the parties are of different states or one party is the citizen of a foreign state. Nonetheless, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which

such alien is domiciled." 28 U.S.C. § 1332(a).

In the present case, Defendant is a resident alien domiciled in Colorado. Plaintiff listed a Colorado address as her residence and did not dispute, or even respond to, Defendant's contention that she is a resident of Colorado. The Court also takes judicial notice of the fact that Plaintiff is registered to vote in Colorado, according to Colorado voting records. As such, the parties are both residents of Colorado for purposes of diversity jurisdiction, and Plaintiff cannot invoke this Court's jurisdiction under 28 U.S.C. § 1332. *See Myles v. Sapta*, No. 96-6374, 1998 U.S. App. LEXIS 11317 (10th Cir. Feb. 5, 1998). The Court, therefore, concludes that diversity jurisdiction does not exist in this case.

### B.     Federal Question Jurisdiction

Plaintiff also invokes this Court's jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts this jurisdiction under Section I of the Fourteenth Amendment to the United States Constitution. However, Plaintiff fails to allege facts sufficient to support a legal claim under the Fourteenth Amendment.

Plaintiff claims that Defendant has converted Plaintiff's property to his own. The Court construes Plaintiff's allegations to be asserting a claim for deprivation of property in violation of the Fourteenth Amendment. To assert this claim, Plaintiff "must allege that [she] was deprived of property through state action." *Robertson v. Pinnacol Assur.*, 98 Fed. Appx. 778, 781 (10th Cir. 2004). To her detriment, Plaintiff does not allege that Defendant is a state actor. After Defendant pointed out this flaw in Plaintiff's Complaint, Plaintiff did not seek leave to amend her Complaint, nor did she respond with any allegations that Defendant was a state actor. Thus, the Court concludes that Defendant cannot be sued under the Fourteenth Amendment. For this reason, the Court recommends

that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted.

### C. Plaintiff's Failure to Prosecute

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence. The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.* Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the Court's Orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has failed to prosecute this case with due diligence. Plaintiff has not responded to Defendant's Motion to Dismiss or sought leave to file an Amended Complaint. Plaintiff's Complaint does not establish this Court's jurisdiction, and Plaintiff has made no attempts to rectify this shortcoming. In short, it appears that Plaintiff has lost interest in this case, lost touch with the Court, or both. Therefore, dismissal of this action against Defendant is warranted, and this Court so recommends.

### IV. Conclusion

Plaintiff has failed to establish this Court's jurisdiction and has failed to prosecute her case since the filing of this lawsuit. Accordingly, the Court recommends that Defendant's Motion to Dismiss [Filed February 2, 2006; Docket #2] be **granted** and that the District Court dismiss this case without prejudice for lack of jurisdiction. *See Basso v. Utah power & Light Co.*, 495 F.2d 906, 910 (10th Cir. 1974) (holding that a dismissal of plaintiff's complaint for failure to allege diversity

jurisdiction should be "without prejudice for the plaintiff's right to pursue their remedy in a subsequent state proceeding"). Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 17th day of March, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).