IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00034-WDM-MEH

LORA KRISTA,

    Plaintiff,

v.

MICHEL A. LAFORTUNE,

    Defendant.

---

RECOMMENDATION FOR DISMISSAL

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b).

## BACKGROUND

This lawsuit was filed on January 10, 2006, under a one-page Complaint which seeks solely monetary damages against the Defendant under bare allegations of diversity jurisdiction and the Fourteenth Amendment of the United States Constitution, with no factual allegations to give any indication of Plaintiff's claims (Docket #1). Pursuant to the standard operating procedure of this Court, on February 10, 2006, this matter was set for a Rule 16(b) Scheduling/Planning Conference to be held on April 26, 2006 (Docket #5). In the order setting the conference, the Plaintiff was clearly informed of her responsibilities with regard to preparing for and appearing at the conference.

Defendant has appeared in this action, and filed a Motion to Dismiss which argues that the Complaint fails to demonstrate the jurisdiction of this Court and fails to state a claim upon which

relief can be granted (Docket #2). A Recommendation has been issued, recommending to the District Judge that the Motion to Dismiss be granted (Docket #7). The Plaintiff has filed her objection to the Recommendation (Docket #11), and the Defendant has responded to the objection (Docket #15). An attempt by the Plaintiff to obtain default judgment against the Defendant has been unsuccessful (Dockets #16 and #21).

On April 26, 2006, the Scheduling Conference was held. Plaintiff failed to appear at the conference, either in person or by telephone, and Defendant indicated that Plaintiff had also failed to participate in the preparation of a proposed Scheduling Order. Communications that the Plaintiff had with counsel for the Defendant and Court personnel demonstrate that the Plaintiff was well aware of the conference. Attempts made by the Court to contact the Plaintiff prior to and during the conference at the telephone numbers she has placed of record were unsuccessful. On April 27, 2006, an Order to Show Cause was issued directing that Plaintiff show cause, in writing and filed with the Court on or before May 11, 2006, why her Complaint should not be dismissed based upon her failure to prosecute this case. The Plaintiff has filed no response in this regard, nor has she requested an extension of time in which to file a response. Additionally, on May 1, 2006, the Court issued a Minute Order resetting the Scheduling Conference and directing that the Plaintiff contact defense counsel and assist with preparing a proposed Scheduling Order, which would be due in to the Court by May 11, 2006 (Docket #20). On May 12, 2006, the Court contacted counsel for the Defendant by telephone and inquired if the required contact had been made. Counsel indicated that to date, Plaintiff has made no contact with her office.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility

of prosecuting this case with due diligence. The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference. *See id*. Rule 37(b)(2) permits the court to dismiss the action where a party fails to obey an order to provide or permit discovery. *See id*. Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id*. Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *See Jones*, 996 F.2d at 264 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Turnbull v. Wilcken*, 893 F.2d 256, 258-59 (10th Cir. 1990)).

Plaintiff has failed to prosecute this case with due diligence, demonstrated by her failure to appear for the April 26, 2006, Scheduling Conference or to properly request a continuance of the conference if she was unable to appear. Plaintiff has also failed to respond to the Court's Order to Show Cause, or properly request an extension of time in which to do so. Plaintiff has failed to meet her responsibilities in this regard, and her failure to respond in any manner amply demonstrates a lack of reasonable diligence in prosecuting this lawsuit. In short, it appears that Plaintiff has lost interest in this case, lost touch with the Court, or both. Therefore, dismissal of this action against the Defendant is warranted.

## **CONCLUSION**

Based on the foregoing, and the entire record herein, it is **recommended** that this lawsuit be dismissed, in its entirety.

Dated at Denver, Colorado, this 12th day of May, 2006.

                BY THE COURT:

                s/Michael E. Hegarty
                Michael E. Hegarty
                United States Magistrate Judge