IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00034-WDM-MEH

LORA J. KRISTA,

    Plaintiff,

v.

MICHEL A. LAFORTUNE,

    Defendant.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

    This matter is before me on the recommendation of Magistrate Judge Michael E. Hegarty, issued March 17, 2006, that Defendant Michel A. LaFortune's (LaFortune) motion to dismiss be granted. Plaintiff Lora J. Krista (Krista) filed a timely objection and is entitled to de novo review on those issues she specifically objects to. 28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Having reviewed the pertinent portions of the record in this case, including the motion, recommendation, objection, and response to the objection, I will accept the recommendation, as discussed below.

    I agree with Magistrate Judge Hegarty that Krista has failed to establish diversity jurisdiction. When a plaintiff's claims of diversity jurisdiction are challenged by a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving facts sufficient to establish the court's jurisdiction. *See Radil v. Sanborn W.*

*Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). In this case, Krista clearly failed to meet this burden, as she never responded to LaFortune's motion.[1]

I also agree with Magistrate Judge Hegarty's analysis of Krista's Fourteenth Amendment claim. Although this court has federal question jurisdiction over this claim, it clearly should be dismissed since a claim under this amendment must include allegations of state action. *Williams v. Morris*, 697 F.2d 1349, 1350 (10th Cir. 1982).

Following the dismissal of the Fourteenth Amendment claim, there are no claims over which this court has original jurisdiction. Accordingly, pursuant to 28 U.S.C. § 1367(c) and in light of the preliminary stages of this litigation, I decline to exercise supplemental jurisdiction over any state law claims that may be raised in the Complaint.

Finally, I note that Magistrate Judge Hegarty alternatively recommends that Krista's claims be dismissed for failure to prosecute her case, pursuant to Fed. R. Civ. P. 41(b). Since the above findings are sufficient to warrant dismissal of the entire case, I will decline to decide whether the factors laid out in *Ehrenhaus v. Reynolds* would also support dismissal. 965 F.2d 916, 921 (10th Cir. 1992).

---

[1] I note that Krista's objection to the recommendation mentions that she has "an address of 3419 Mammoth Court, Laramie, Wyoming." To the extent this is intended to be an objection to Magistrate Judge Hegarty's findings regarding diversity jurisdiction, such an objection fails. This fact should have been raised much earlier, so that Magistrate Judge Hegarty could consider it when making his recommendation. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Moreover, even if I accepted Krista's assertion that she owns a residence in Wyoming, she has still failed to meet her burden of proving that she is domiciled anywhere other than Colorado. *See Smith v. Cummings*, 445 F.3d 1254, 1260-61 (10th Cir. 2006 ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile. . . . To establish domicile in a particular state, a person must be physically present in the state and intend to remain there.") (citations omitted).

2

Accordingly, it is ordered:

1.  The recommendation issued by Magistrate Judge Hegarty on March 17, 2006 (Docket No. 7), is accepted as modified herein.

2.  Defendant's motion to dismiss, filed February 2, 2006 (Docket No. 2), is granted.

3.  Plaintiff's Fourteenth Amendment claim is dismissed with prejudice.

4.  Any other claims stated in the Complaint are dismissed without prejudice.

DATED at Denver, Colorado, on June 1, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge